## Lazovitz, Inc. v. Sproul Manor, Inc.

*H. Robert Fiebach and Guy G. deFuria,* for plaintiff.
*Michael H. Egnal,* for defendant.

CATANIA, J., August 26, 1971.—Plaintiff, a contractor, brought suit in assumpsit to recover the sum of $29,313.63 which he claimed was due under a contract for the construction of a nursing and convalescent home located at 463 W. Sproul Road, Springfield, Delaware County, Pa. The total contract sued upon was $697,822.13, and the balance sought by plaintiff was approximately 4 percent of that amount. Plaintiff asserted that it had fully performed its contract with

defendant, and that the construction required was completed on July 1, 1968.

The case was tried before a jury and a verdict was returned in favor of plaintiff for the total amount of its claim. Motions for judgment n.o.v. and for a new trial were filed and argued, and on July 14, 1971, we signed an order sustaining the motions for a new trial and dismissing the motion for judgment n.o.v. An appeal has now been taken from that order, necessitating the writing of this opinion.

During the course of the trial defendant presented a number of expert witnesses for the purpose of having them state or give their opinions as to the work performed by plaintiff which was defective or unfinished and the reasonable cost of supplying or correcting the same. Plaintiff objected to these witnesses, contending that the case of Exton Drive-In v. Home Indemnity Co., 436 Pa. 480 (1969), upheld the refusal of a court to admit proof of damages due to faulty workmanship by estimate of repair costs from another expert. We excluded the testimony of these expert witnesses offered by defendant based upon plaintiff's recitation of the holding in the Exton Drive-In case. After having had an opportunity to study the Exton Drive-In case in detail it is clear to us that the facts of that case and the holding of that case does not control the case at hand. The court in the Exton case in its opinion stated at page 491:

"Exton's only proof of damages due to faulty workmanship was an estimate of repair costs prepared by another contractor as a unit price approximation; *this estimate was made prior to some of Blythe's own repair work.* Although the estimated cost of repair amounted to between one-third and one-half of the original contract price, Exton never considered the defects serious enough to contract for any portion of this repair work during the four-year period between

the commencement of this suit and the trial. This estimate was not a sufficient basis for the award of damages to Exton."

It is clear from the above quote that the Exton case does not control the situation which is present here. The manner in which the defendant attempted to prove its damages was proper and we should have allowed it to do so. The following quotation from the Restatement, Contracts, §346, illustrates this fact:

"DAMAGES FOR BREACH OF A CONSTRUCTION CONTRACT. (1) For a breach by one who has contracted to construct a specified product, the other party can get judgment for compensatory damages for all unavoidable harm that the builder had reason to foresee when the contract was made, less such part of the contract price as has not been paid and is not still payable, determined as follows:

(a) For *defective* or *unfinished construction* he can get judgment for either

(i) *the reasonable cost* of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or

(ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve unreasonable economic waste." (Italics supplied.)

It is for these reasons that we issued our order of July 14, 1971, granting defendant's motions for a new trial. The other reasons set forth in defendant's brief for a new trial we did not feel had merit.